Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
Megan E. Glor, Attorneys at Law, P.C.
707 NE Knott Street, Suite 101
Portland, OR 97212
Telephone: (503) 223-7400
Facsimile: (503) 751-2071

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **KATHERINE NIEDERMEYER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,**<br><br>**Defendant.** | **Case No.**<br><br>**COMPLAINT**<br>**(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a))** |

## I. INTRODUCTION

1.

This action is brought on behalf of Plaintiff Katherine Niedermeyer pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. ("ERISA").

Plaintiff seeks to recover from Defendant Lincoln Life Assurance Company of Boston ("Lincoln") under the terms of group LTD policy (the "LTD Policy") issued by Liberty Life Assurance Company of Boston (later acquired by Lincoln) to Plaintiff's former employer, Nike, Inc. ("Nike"), unpaid long-term disability ("LTD") benefits and other relief under 29 U.S.C. § 1132(a)(1)(B), equitable relief under 29 U.S.C. § 1132(a)(3), and costs and attorney fees under 29 U.S.C. § 1132(g).

2.

Plaintiff became disabled on August 3, 2019, by chronic pain that initially affected her right hand and forearm and then progressed to both arms, both shoulders, neck, and back. Plaintiff's diagnoses include myofascial pain, thoracic outlet syndrome/brachial plexus disorder, and cervical radiculopathy/cervical stenosis. Plaintiff submitted a claim for short-term disability ("STD") benefits through the Nike STD plan, which Lincoln ultimately approved and paid. Plaintiff submitted a claim for LTD benefits, which Lincoln approved effective February 1, 2020. Lincoln subsequently terminated Plaintiff's LTD claim, effective June 20, 2020, asserting she no longer satisfied the LTD Policy's definition of disability. In November, 2020, Plaintiff submitted an ERISA appeal of Lincoln's termination. In January, 2021, Lincoln denied Plaintiff's appeal and upheld its termination decision.

## II. PARTIES

3.

**Niedermeyer.** Plaintiff Niedermeyer, a resident of Portland, Oregon, was employed as an entrepreneur by Nike. Plaintiff is a beneficiary, as defined by 29 U.S.C. § 1002(8), of the LTD Policy.



Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

4.

**Lincoln.** Liberty Life Assurance Company of Boston, which was acquired by Lincoln on or about May 1, 2018, issued the LTD Policy to Nike. Lincoln was the claims administrator of the LTD Policy within the meaning of 29 U.S.C. § 1002(16)(A) and administered Plaintiff's claim for benefits under the LTD Policy.

## III. JURISDICTION AND VENUE

5.

Jurisdiction is conferred on this court by 29 U.S.C. § 1132(e)(1), (f), and (g), which gives the United States district courts jurisdiction to hear civil actions brought to recover plan benefits due under the terms of an employee welfare benefit plan, as well as other declarative relief and attorney fees and costs.

6.

Venue is proper in this district court pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## V. FACTS

7.

On August 3, 2019, Plaintiff became disabled from performing her own occupation as entrepreneur with Nike due to chronic pain.

8.

Plaintiff subsequently applied for benefits through the Nike STD Plan.

/ /

/ /



Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

9.

Lincoln approved Plaintiff's STD claim through on or about September 16, 2019, but terminated Plaintiff's STD claim effective September 20, 2019.

10.

In February, 2020, Plaintiff submitted an ERISA appeal of Lincoln's STD claim termination.

11.

In April, 2020, Lincoln furnished Plaintiff a consulting physician's report regarding her STD claim for response prior to Lincoln making a final decision on her STD appeal.

12.

In April, 2020, Plaintiff applied for LTD benefits.

13.

By letter dated June 2, 2020, Lincoln informed Plaintiff it had approved her LTD claim, and paid benefits effective February 1, 2020 (following a 180-day elimination period).

14.

On June 20, 2020, Lincoln terminated Plaintiff's LTD claim and monthly benefit, asserting Plaintiff no longer met the LTD Policy's disability provision.

15.

In July, 2020, prior to Plaintiff's submission of a response to Lincoln's consultant's report, Lincoln approved Plaintiff's STD claim, through the maximum benefit period of January 31, 2020.

/ /



Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

16.

In November, 2020, through counsel, Plaintiff submitted an ERISA appeal of Lincoln's LTD claim termination.

17.

In December, 2020, Lincoln furnished Plaintiff its consulting physician's report regarding her LTD claim for response prior to Lincoln making a final decision on her LTD appeal.

18.

In January, 2021, through counsel, Plaintiff responded to Lincoln's consulting physician report.

19.

By letter dated January 28, 2021, Lincoln informed Plaintiff it had denied her LTD appeal and had upheld its decision to terminate her LTD claim effective June 20, 2020, and confirmed Plaintiff had exhausted the ERISA pre-litigation review process.

## VI. CLAIMS

### FIRST CLAIM (29 U.S.C. § 1132(a)(1)(B))

20.

Plaintiff re-alleges paragraphs 1 through 19.

21.

Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to recover benefits due under the LTD Policy that were wrongfully withheld commencing June 20, 2020, enforce her rights under the terms of the LTD Policy, and clarify her right to future benefits under the terms of the LTD Policy.



Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

**SECOND CLAIM (29 U.S.C. § 1132(a)(3))**

22.

Plaintiff re-alleges paragraphs 1 through 21.

23.

Pursuant to 29 U.S.C. § 1002(21), Lincoln is responsible for the approval, payment, and/or denial of benefits under the terms of the LTD Policy and, accordingly, is a fiduciary under ERISA.

24.

ERISA imposes strict fiduciary duties upon plan fiduciaries. 29 U.S.C. § 1104(a) provides that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and…in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

25.

Lincoln has violated its obligations under 29 U.S.C. § 1104(a), by failing to act in accordance with the documents and instruments governing the LTD Policy and has breached its fiduciary duty to Plaintiff.

26.

As a direct and proximate result of Lincoln's acts and omissions, Plaintiff has suffered losses and is entitled to equitable relief against Lincoln under ERISA.

/ /

/ /



Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

27.

29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms.

28.

To the extent full relief is not available under 29 U.S.C. § 1132(a)(1)(b), Plaintiff also seeks recovery under 29 U.S.C. § 1132(a)(3), of all of her losses, including, but not limited to, relief from Lincoln's unjust enrichment, disgorgement, restitution, estoppel and surcharge and declaratory and injunctive relief, arising out of Lincoln's failure to administer the terms of the LTD Policy and breach of fiduciary duty.

**THIRD CLAIM (29 U.S.C. § 1132(g)(1))**

29.

Plaintiff realleges paragraphs 1 through 28.

30.

Plaintiff is entitled to recover her attorney fees and costs under 29 U.S.C. § 1132(g)(1).

## VII. REQUEST FOR RELIEF.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in Plaintiff's favor:

1. Declaring that Lincoln wrongfully terminated Plaintiff's LTD claim effective June 20, 2020;

2. Ordering Lincoln to reinstate and pay Plaintiff's LTD claim effective June 20, 2020, and to pay her LTD claim each month through the date of judgment, and forward, under 29 U.S.C. § 1132(a)(1)(B);



Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400

3. Ordering Lincoln to pay Plaintiff prejudgment interest on the LTD benefits Lincoln withheld pursuant to 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3);

4. Awarding Plaintiff other equitable relief under 29 U.S.C. § 1132(a)(3);

5. Awarding Plaintiff her attorney fees and costs under 29 U.S.C. § 1132(g)(1);

6. Ordering such other relief as this Court deems just and proper.

DATED June 16, 2021.

s/ Megan E. Glor
Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
Attorneys for Plaintiff



Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
(503) 223-7400