**Iwana Rademaekers, Texas Bar No. 16452560**
Admitted *Pro Hac Vice*
Email: iwana@rademaekerslaw.com
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | | |
|---|---|---|
| KATHERINE NIEDERMEYER,<br><br>Plaintiff<br><br>vs.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No.: 3:21-cv-00904-HZ**<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

For its Answer and Defenses to Plaintiff Katherine Niedermeyer's Complaint, Defendant Lincoln Life Assurance Company of Boston ("Lincoln Life"), by and through its counsel, states as follows:

## I. INTRODUCTION

1. Lincoln Life admits that Plaintiff's claims are governed by Section 502(a)(1)(B) of 29 U.S.C. § 1132(a)(1)(B)) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln Life admits that Nike, Inc. ("Nike") sponsored the Nike Inc. Group Disability Plan (the "Plan") to provide disability benefits to certain of its employees. Lincoln Life admits that Liberty Life Assurance Company of Boston was acquired by Lincoln Financial Group and

that the entity name was subsequently changed to "Lincoln Life Assurance Company of Boston." Lincoln Life admits that it was formerly known as Liberty Life Assurance Company of Boston and that it issued a Group Disability Income Policy (the "Policy") to Nike which, at certain times, insured long-term disability ("LTD") benefits from the Plan. Lincoln Life admits Plaintiff was, at certain times, employed by Nike, and a participant in the Plan. Lincoln Life admits that by this action, Plaintiff is seeking recovery of LTD benefits from the Plan, along with other damages, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln Life admits that documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan under the Policy was determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life admits that Plaintiff submitted a claim for, and at certain times received, short term disability ("STD") benefits from the Plan. Lincoln Life admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan under the Policy. Lincoln Life admits that it sent a letter dated June 20, 2020, to Plaintiff, and Lincoln Life refers to the letter itself for the best evidence of its contents. Lincoln Life admits it received a letter from Plaintiff's counsel dated November 16, 2021, appealing the termination of LTD benefits from the Plan, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life admits that it sent a letter dated January 28, 2021, to Plaintiff's counsel, and Lincoln Life refers to the letter itself for the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

## II. THE PARTIES

3. Lincoln Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln Life admits Plaintiff was, at

certain times, employed by Nike as a Special Ops Partner/Prof Expert: Biz Ops. Lincoln Life admits Plaintiff was, at certain times, a participant in the Plan sponsored by Nike. Lincoln Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln Life admits that Liberty Life Assurance Company of Boston was acquired by The Lincoln National Life Insurance Company and that the entity name was subsequently changed to "Lincoln Life Assurance Company of Boston." Lincoln Life admits it issued the Policy to Nike and was the claims administrator for claims, including the claim submitted by Plaintiff, for LTD benefits from the Plan under the Policy. Lincoln Life denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 4 of the Complaint.

## II. JURISDICTION AND VENUE

5. Lincoln Life admits Plaintiff's claims are governed by ERISA and that the benefit plan at issue in this action is an "employee welfare benefits plan" as defined by ERISA. Lincoln Life admits this Court has jurisdiction over this action. Lincoln Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln Life admits that venue is proper in this Court. Lincoln Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 6 of the Complaint.

## IV. STATEMENT OF FACTS

7. Lincoln Life admits that documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for LTD benefits from the Plan under the Policy was determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln Life admits that Plaintiff submitted a claim for STD benefits from the Plan. Lincoln Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln Life admits that Plaintiff submitted a claim for, and at certain times, received STD benefits from the Plan. Lincoln Life admits that it sent a letter dated November 22, 2019, to Plaintiff, and Lincoln Life refers to the letter itself for the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln Life admits it received a letter from Plaintiff dated February 24, 2020, appealing the termination of STD benefits from the Plan, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln Life admits that it sent a letter dated April 10, 2020, to Plaintiff, and Lincoln Life refers to the letter itself for the best evidence of its contents. Lincoln Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln Life admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan under the Policy. Lincoln Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln Life admits that it sent a letter dated June 2, 2020, to Plaintiff, and Lincoln Life refers to the letter itself for the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln Life admits that it sent a letter dated June 20, 2020, to Plaintiff, and Lincoln Life refers to the letter itself for the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln Life admits that it sent a letter dated July 9, 2020, to Plaintiff's counsel, and Lincoln Life refers to the letter itself for the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln Life admits it received a notice from Plaintiff's counsel dated November 16, 2020, appealing the termination of LTD benefits from the Plan, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln Life admits that it sent a letter dated December 23, 2020, to Plaintiff's counsel, and Lincoln Life refers to the letter itself for the best evidence of its contents. Lincoln Life admits that independent physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln Life admits it received a letter from Plaintiff's counsel dated January 11, 2021, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln Life admits that it sent a letter dated January 28, 2021, to Plaintiff's counsel, and Lincoln Life refers to the letter itself for the best evidence of its contents. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal

prerequisite to bringing a claim for recovery of LTD benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 19 of the Complaint.

## V. CLAIMS

### FIRST CLAIM (29 U.S.C. § 1132(a)(1)(B))

20. Lincoln Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21. To the extent that the allegations contained in Paragraph 21 of the Complaint contain legal conclusions, Lincoln Life is not required to respond. To the extent a response is required, Lincoln Life denies Plaintiff is entitled to any remedy or relief against Lincoln Life whatsoever and denies all remaining allegations contained in Paragraph 21 of the Complaint.

second CLAIM (29 U.S.C. § 1132(**a**)(3))

22. Lincoln Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. Lincoln Life admits it issued the Policy to Nike and was the claims administrator for claims, including the claim submitted by Plaintiff, for LTD benefits from the Plan under the Policy. Lincoln Life denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. To the extent that the allegations contained in Paragraph 24 of the Complaint contain legal conclusions, Lincoln Life is not required to respond. Lincoln Life denies that it

violated any provision of ERISA and denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln Life denies all allegations contained in Paragraph 25 of the Complaint.

26. Lincoln Life denies all allegations contained in Paragraph 26 of the Complaint.

27. To the extent that the allegations contained in Paragraph 27 of the Complaint contain legal conclusions, Lincoln Life is not required to respond. To the extent a response is required, Lincoln Life denies Plaintiff is entitled to any remedy or relief against Lincoln Life whatsoever and denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln Life admits that by this action, Plaintiff is seeking recovery of LTD benefits from the Plan, along with other damages, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery and denies all remaining allegations contained in Paragraph 28 of the Complaint.

THIRD CLAIM (29 U.S.C. § 1132(**g**)(1))

29. Lincoln Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 28 of the Complaint as though fully set forth herein.

30. Lincoln Life admits that by this action, Plaintiff is seeking recovery of LTD benefits from the Plan, along with other damages, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery and denies all remaining allegations contained in Paragraph 30 of the Complaint.

Lincoln Life denies all allegations contained in of the Request for Relief section of the Complaint, including Paragraphs 1-6 thereunder, and denies all allegations contained in the Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claim for prejudgment interest under state law is preempted by ERISA.

3. Plaintiff's claims are barred in whole or in part by waiver, estoppel, or laches.

4. The standard of review by the District Court in this case should be whether the decision on Plaintiff's claim for LTD benefits was an abuse of discretion because the Policy and relevant plan documents contain sufficient discretionary language.

5. Plaintiff's recovery of benefits, if any, from Lincoln Life is subject to an offset pursuant to the terms of the Policy, which require offset and/or repayment of any award of other income or benefits received by Plaintiff, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration and any disability benefits Plaintiff receives from any commercial disability policy or workers' compensation policy or plan.

6. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

7. The Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

8. Plaintiff's claim for equitable relief under 29 U.S.C. §1132(a)(3) is barred by virtue of the claim Plaintiff has brought for recovery of benefits under 29 U.S.C. §1132(a)(1)(B).

9. Lincoln Life expressly reserves the right to amend this Answer to assert such additional affirmative defenses as may appear appropriate on initial Rule 26 disclosures or following discovery in this matter.

WHEREFORE, Lincoln Life prays that Plaintiff's Complaint and action against it be dismissed with prejudice, that Lincoln Life be awarded its costs and attorneys' fees herein pursuant

to 29 U.S.C. § 1132(g), and Lincoln Life be awarded such other relief to which it may show itself entitled.

Dated the 9th day of July 2021.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Texas Bar No. 16452560
(Admitted *Pro Hac Vice*)
iwana@rademaekerslaw.com

- AND -

BARRAN LIEBMAN LLP

By: /s/ *Josh M. Goldberg*
**Josh M. Goldberg, OSB No. 180414**
jgoldberg@barran.com
**Andrew Schpak, OSB No. 044080**
ASchpak@barran.com
BARRAN LIEBMAN LLP
601 SW 2nd Avenue, Suite 2300
Portland, Oregon 97204
PH: (503) 228-0500
FX: (503) 274-1212

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, District of Oregon, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record:

Megan E. Glor
E-mail: megan@meganglor.com
John C. Shaw
Email: john@meganglor.com

Dated: July 9, 2021 By: /s/ *Iwana Rademaekers*
Iwana Rademaekers, Esq.