**Iwana Rademaekers, Texas Bar No. 16452560**
Admitted *Pro Hac Vice*
Email: iwana@rademaekerslaw.com
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | | |
|---|---|---|
| KATHERINE NIEDERMEYER,<br><br>Plaintiff<br><br>vs.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No.: 3:21-cv-00904-HZ**<br><br>**STIPULATED MOTION FOR PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), the Parties, KATHERINE NIEDERMEYER ("Plaintiff"), and Defendant LINCOLN LIFE ASSURANCE COMPANY OF BOSTON ("Defendant"), (collectively, the "Parties"), hereby submit this proposed Stipulated Protective Order for the purpose of ensuring that confidential information exchanged during discovery or potentially submitted to the Court by the Parties is not disclosed to or used for any purpose outside of the above captioned lawsuit.

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns a claim for disability income benefits and the evidence relied upon by the parties includes medical records and information, as well as confidential and proprietary business records. The parties desire to exchange information in discovery without unnecessarily waiving the right to protect the confidentiality of those records. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HERBY ORDERED as follows:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means any information containing communications between Nike and Liberty Mutual and between Nike and Lincoln, regarding renewal of Nike's group LTD policy issued by Liberty Mutual and/or Lincoln, from January 1, 2015 through January 1, 2021, which are to be designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed as a result of a subpoena or during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to that information that it in good faith believes

contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be classified.

3. "Qualified Persons," as used herein means:

(a) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) Actual or potential independent technical experts or consultants, who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information to such persons, and who have signed the agreement attached as Exhibit A hereto, agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the attorney retaining such person);

(c) The party, the party’s spouse (in cases where party is a married individual) or one party representative (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential” information to such person and who shall sign agreement attached as Exhibit A hereto, agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the party designating such person); and

(d) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4. Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information by marking each page of the document(s) so designated with a stamp stating " Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). In lieu of marking the original of a document, if the original

is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) pursuant to subpoena and/or deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" ("or Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order. Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" and/ or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

6. (a) "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel

Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (b) above. (b) Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3 (b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation. (c) Each party's outside counsel shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents which are delivered to any one or more Qualified Person of Paragraph 3 above.

7. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. Documents to be inspected shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

8. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "For Counsel Only" (or Attorneys' Eyes Only") consents to such disclosure or, if the court, after notice to all affected parties, orders such

disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information in the examination or cross examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item. The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

10. Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to

be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

(a) is in the public domain at the time of disclosure, as evidence by a written document;

(b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11. In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court.

12. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by a party to this action.

13. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

14. Within twenty (20) days after conclusion of this litigation and any appeal thereof, any documents and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraphs 3(a) through (d) shall be destroyed or permanently deleted from all computer systems, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

15. This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

16. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be

responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

Dated the 17th day of August 2021.

MEGAN E. GLOR, ATTORNEYS AT LAW

s/ John C. Shaw
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
707 NE Knott Street, Suite 101
Portland, OR 97212
Telephone: (503) 223-7400
Facsimile: (403) 751-2071

ATTORNEYS FOR PLAINTIFF

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

/s/ Iwana Rademaekers
Iwana Rademaekers, Texas Bar No. 16452560
(Admitted *Pro Hac Vice*)
Email: iwana@rademaekerslaw.com

- AND -

BARRAN LIEBMAN LLP

By: /s/ Josh M. Goldberg
Josh M. Goldberg, OSB No. 180414
jgoldberg@barran.com
Andrew Schpak, OSB No. 044080
ASchpak@barran.com
BARRAN LIEBMAN LLP
601 SW 2nd Avenue, Suite 2300
Portland, Oregon 97204
PH: (503) 228-0500
FX: (503) 274-1212

ATTORNEYS FOR DEFENDANT

## EXHIBIT A

## AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

I, ________________________________________, have been advised by counsel of record for ________________________________________ in the matter of KATHERINE NIEDERMEYER v. LINCOLN LIFE ASSURANCE COMPANY OF BOSTON of the Stipulated Protective Order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation.

I have read a copy of the Stipulated Protective Order and agree to abide by its terms and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of this litigation as set forth in the Confidentiality Stipulation. I further agree and attest to my understanding that breach of this Agreement is directly actionable by the party which designated the Confidential Information which is disclosed, and that in the event I fail to abide by the terms of the Stipulation, I may be subject to sanctions.

______________________________________
Signed Date

______________________________________
Printed Name

______________________________________
Occupation/Business

______________________________________
Street Address

______________________________________
City State Zip